**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

GAIL STOIMENOFF,
individually and on
behalf of similarly
situated persons,

       Plaintiff,

v.

MANAGEABILITY
INCORPORATED and
FDI GROUP,

       Defendants.

Case No.  2:23-cv-

Hon.

Magistrate Judge

**COMPLAINT FOR COLLECTIVE ACTION RELIEF AND JURY DEMAND**

_____

Angela L. Walker (P67625)
BLANCHARD & WALKER, PLLC
Attorney for Plaintiff
221 N. Main Street, Suite 300
Ann Arbor, MI 48104
(734) 929-4313
walker@bwlawonline.com

_____

**COLLECTIVE ACTION COMPLAINT**
**AND JURY DEMAND**

**INTRODUCTION**

1.  This is a collective action brought on behalf of individuals who work as RN Case Managers for Defendants ManageAbility Incorporated and FDI Group ("Defendants"). Although Defendants' RN Case Managers work more than forty

hours a week, Defendants do not pay them one and one-half times their regular hourly rate for hours worked over forty in a workweek.

2.  Plaintiff brings this claim on behalf of herself and a collective of similarly situated individuals (the "Collective") who have worked as RN Case Managers for Defendants and who may opt-in to this case under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* Defendants have violated the FLSA by administering a uniform policy of failing to pay these individuals one and one-half times their regular hourly rate for hours worked over 40 hours per week.

## JURISDICTION AND VENUE

3.  This Court has general federal question jurisdiction pursuant to 28 U.S.C. §1331 because Plaintiff has brought a claim pursuant to the federal Fair Labor Standards Act, 29 U.S.C. §201 *et seq*.

4.  Venue is proper in this Court because the events giving rise to this action took place in this district, and Defendants do business, maintain corporate presence, and have substantial contacts in this district.

## PARTIES

5.  Plaintiff Gail Stoimenoff is an adult resident of Portage, Michigan who worked as an RN Case Manager for Defendants in Novi, Michigan from August 2019 until February 2022. Plaintiff Stoimenoff consents to this action.  *See* Exhibit A.

6. Defendant ManageAbility Incorporated is a for-profit corporation that conducts business in southeast Michigan and has its registered office in Novi, Michigan in this district.

7. Defendant FDI Group is an affiliated entity of ManageAbility Incorporated who conducts business in southeast Michigan and shares office space with ManageAbility Incorporated in Novi, Michigan in this district.

8. At all material times, Defendants were joint employers of Plaintiff and the Collective.

## COLLECTIVE DEFINITION

9. Plaintiff brings Count I of this action pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of herself and the following collective of potential FLSA opt-in litigants:

> All individuals who provided RN Case Manager Services for Defendants, who Defendants paid hourly without a guaranteed weekly minimum, and who Defendants did not pay time-and-one-half overtime pay for hours worked greater than forty (40) hours per week at any time from the date three years prior to the filing of this action through the date of final judgment (the "Collective").

10. Similarly-situated individuals may also choose to opt-in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

11. Plaintiff reserves the right to redefine the Collective prior to notice and certification and thereafter, as necessary.

## **GENERAL ALLEGATIONS**

12. Plaintiff and a collective of similarly situated individuals (the "Collective") work as hourly employees paid a set hourly wage for every hour worked. Defendants classified the Collective as exempt from the requirements of the FLSA.

13. Defendants are in the business of working with insurance companies, employers, and third-party administrators to help injured parties return to work or to attain maximum medical improvement.

14. As part of this business, Defendants employ RN Case Managers, such as Plaintiff and the Collective.

15. RN Case Managers work with individuals with catastrophic injuries, including injuries sustained at work or in an auto accident. RN Case Managers review pre-existing medical issues, work with medical providers to determine excessive or conflicting treatment, attend appointments with individuals, and advocate for injured individuals with the goal of improving their medical condition.

16. Beginning in August 2019 Defendants solely paid Plaintiff on an hourly basis. Defendants paid Plaintiff the same hourly rate for all hours worked.

17. Defendants did not guarantee Plaintiff a minimum weekly amount of pay each week.

4

18. Plaintiff and the Collective worked more than 40 hours a week for Defendants providing case management services.

19. Plaintiff and the Collective were not paid time-and-a-half overtime premium for hours worked over 40 in a week.

20. Despite Defendants' failure to pay the Collective a time-and-a-half overtime premium for hours worked over 40 in a workweek, Defendants did not provide the Collective a guaranteed minimum salary.

## COUNT I
## Unpaid Overtime Violation of
## The Fair Labor Standards Act of 1938 ("FLSA")

21. Plaintiff incorporates the foregoing allegations of this Complaint as if fully stated herein.

22. At all relevant times, Defendants were "employer(s)" or "joint employer(s)" within the coverage of the FLSA, 29 U.S.C. § 203(d).

23. Plaintiff and the Collective are employees within the coverage of the FLSA, 29 U.S.C. § 203(e)(1).

24. Defendants are engaged in commerce as defined by the FLSA, 29 U.S.C. § 201 *et seq*.

25. Defendants did not provide Plaintiff and the Collective a guaranteed weekly minimum salary.

26. Defendants were required to compensate Plaintiff and others similarly situated at one-and-one-half times their regular hourly rate for hours worked over 40 hours in a workweek.

27. Defendants willfully and knowingly failed to pay the overtime premium the FLSA requires.

28. Defendants' knowing and willful failure to properly pay time-and-a-half for hours worked over forty (40) in a week to individuals performing RN Case Management services at their regular hourly rate violates the FLSA, 29 U.S.C. §201 *et seq*.

29. The FLSA collective includes individuals that provided RN Case Manager services for Defendants, who were not provided a guaranteed weekly minimum salary, who worked over 40 hours in a workweek, and who were not paid an overtime premium for hours worked over 40 in a workweek at any time since the date three years prior to filing this action.

30. Defendants are liable to Plaintiff and the Collective for their unpaid wages, plus an additional equal amount as liquidated damages, together with reasonable attorney fees and costs.

## JURY DEMAND

Plaintiff requests a trial by jury on her claims.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff requests that this Court enter the following relief:

1. Permission for individuals in the who provided RN Case Manager Services for Defendants, who Defendants paid hourly without a guaranteed weekly minimum, and who Defendants did not pay time-and-one-half overtime pay for hours worked greater than forty (40) hours per week, to opt-in to this action, pursuant to § 216(b) of the FLSA;

2. All damages to which the Plaintiff and the Collective may be entitled;

3. Liquidated and multiple damages as allowed by law;

4. Attorneys' fees and costs; and

5. All other relief to which Plaintiff and the collective members are entitled.

          Respectfully submitted,

          /s/ *Angela L. Walker*
          Angela L. Walker (P67625)
          Attorney for Plaintiff
          221 North Main Street, Suite 300
          Ann Arbor, MI 48104
          (734) 929-4313
          walker@bwlawonline.com

Date: August 1, 2023